[Civ. No. 9158.   Second Appellate District, Division Two.—January 18, 1935.]

COMMERCIAL DISCOUNT COMPANY (a Corporation), Respondent, v. PHILIP L. WILSON, Appellant.

Overton, Lyman & Plumb and Chalmers L. McGaughey for Appellant.

Chapman & Chapman and Ward Chapman for Respondent.

CRAIL, J.—The defendant appeals from a money judgment in favor of plaintiff (respondent) in an action brought to recover on a written guaranty. E. M. Stanton, for whose benefit the guaranty was given, was engaged in the retail sale of automobiles. The guaranty provides that, as an inducement to the plaintiff to purchase automobile "retail contracts" and "flooring contracts" from said Stanton, the defendant agrees to fully indemnify plaintiff against any and all loss which plaintiff may sustain by reason of such contracts or any of them immediately upon demand and as soon as said loss has been suffered, provided, however, that as to the retail contracts, before plaintiff shall look to de-

fendant to make payment under the guaranty, plaintiff will charge said losses to a certain reserve fund which plaintiff will set up in accordance with its understanding with said Stanton and that as and when said reserve fund becomes exhausted defendant agrees to pay any and all further losses to plaintiff upon demand. Business was conducted with Stanton as contemplated in the guaranty, but as time went on Stanton defaulted on the contracts. Thereupon the plaintiff took possession of all the stock remaining on Stanton's "floor" and proceeded to close out Stanton's business using reasonable diligence according to the usage of the trade to salvage the losses through recourse against the security and also against the vendees in the retail contracts; and, Stanton being insolvent, the plaintiff then sued the defendant for the amount of its losses, the reserve fund having been exhausted. In the complaint the plaintiff alleged that in the business in which the parties were engaged the terms "flooring contracts" and "retail contracts" had well-defined meanings which were well known to the defendant.

▮ Appellant's first contention is that the defendant's guaranty was a guaranty of collection rather than a guaranty of payment and, since the complaint failed to allege an effort to enforce collection from the contract purchasers on the retail contracts or reasons for not doing so, it failed to state a cause of action. This contention is made in spite of the fact that the complaint did make such allegations as to Stanton against whose losses the guaranty was given. In this connection appellant contends that the purchasers on the retail contracts were the "principal debtors" within the meaning of section 2801 of the Civil Code. We do not think so. Stanton's obligation is the one that appellant guaranteed. If the guaranty is construed as coming within the provisions of section 2800 of the Civil Code, as appellant contends, then it is an undertaking of collectibility *from Stanton*. Stanton is the debtor whose solvency the guaranty imports and Stanton is the "principal debtor" within the meaning of section 2801 of the Civil Code. As between plaintiff and appellant Stanton was the principal debtor even on the retail contracts. On each assignment of these contracts Stanton became by express terms primarily liable to plaintiff. The parties in entering into the

agreement were contracting with reference to a specialized business, conducted in a particular manner, the peculiarities of which were well known to both. The terms of the guaranty fixed the event which would determine when the losses on the retail contracts might be recovered to be the exhaustion of the "reserve fund". As to the vendees in the retail contracts, a fair construction of the agreement is that the losses of Stanton which were indemnified were to be paid as soon as they became established by following the practice of recoupment customarily followed in the business but only after the reserve fund was exhausted. If plaintiff's duty was to first proceed against the principal debtor, then it was its duty to proceed against Stanton (*Irving* v. *Irwin,* 133 Cal. App. 374 [24 Pac. (2d) 215]), and to so allege in his complaint. This it did. ▌ Even so, if the contention that these allegations were missing from the complaint had been called to the attention of the trial court in a fashion commensurate with the importance which appellant now gives to them the allegations undoubtedly would have been set up by way of amendment; for the evidence shows and the court found that the plaintiff did proceed diligently to salvage the losses through recourse against the security and as against the vendees in the retail contracts. Indeed the appellant makes no claim that plaintiff failed in any duty to salvage the losses. Under the evidence and the facts found there could be no basis for such a claim. This—appellant's first and principal contention—is directed solely at the pleadings. We see nothing therein which would justify a reversal. Courts endeavor to be arbiters of justice—not mere referees of legalistic fencing bouts in which fine points in the rules of pleading are used as foils.

▌ Appellant's points 2, 3, 4 and 5 are based upon the primary contention common to all and essential to all that with regard to the flooring contracts and the retail contracts respectively there was a material variance between the pleadings and proof. However, we find no substantial variance in this regard, certainly not a material one such as would reverse the judgment. The plaintiff may have pleaded the legal effect of the transaction somewhat clumsily but it also stated the various steps in the transaction exactly as they occurred. The obligations of the parties were

not altered by such pleading of the legal effect and the appellant was in nowise misled.

Appellant's three remaining contentions are (6) that plaintiff, after it had knowledge that Stanton had misappropriated funds, continued to do business with Stanton, thus exonerating the guarantor; (7) that certain commissions paid to a subsidiary were improperly charged as losses; and (8) that certain outside collection charges were also improperly charged as losses. Each of these contentions depends upon the proper determination of questions of fact. The facts were found adversely to appellant by the trial court; its findings are supported by substantial evidence, and such findings therefore cannot be set aside on appeal.

Judgment affirmed.

Stephens, P. J., and Scott, J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 15, 1935.